UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.

FAUSTA SANTOS AGUILAR LOPEZ ("Aguilar"), an individual,

    Plaintiff,

v.

GREENACRE FARMER'S MARKET, INC. ("Greenacre"), Florida company, and JOE DEFEO ("DeFeo"), an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Fausta Santos Aguilar Lopez ("Aguilar"), individually, sues Defendants Greenacre Farmer's Market, LLC (hereinafter "Greenacre"), and Joe DeFeo ("DeFeo") and alleges:

## PRELIMINARY ALLEGATIONS

1.    Plaintiff, Santos Aguilar brings this lawsuit against Defendants to recover compensatory damages as a result of violations of Title VII of the Civil Rights Act of 1964 (**Count I**) and the Florida Civil Rights Act (**Count II**), for assault and battery (**Count III**), and for intentional infliction of emotional distress (**Count IV**).

2.    Plaintiff is a citizen of the United States who resides in the Southern District of Florida.

1

3. Defendant Greenacre is a Florida company conducting business in the Southern District of Florida.

4. Defendant DeFeo is an individual who, upon information and belief, resides in the Southern District of Florida.

5. Defendant Greenacre is authorized to do business in the State of Florida with its principal offices located at 3091 Jog Road Greenacres, FL 33467, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b), and Florida Statutes § 760.02, in that Defendant employed fifteen (15) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

6. Defendant DeFeo is the sole owner of Greenacre.

7. Jurisdiction and venue are proper in this Court. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations, and has received a notice of Right to Sue Letter. *See* Right to Sue letter attached hereto as Exhibit "A".

8. This action is timely filed and all conditions precedent to bringing this action have occurred.

## BACKGROUND

9. Plaintiff began working for Defendant in 2003, performing general labor duties for Greenacre.

10. During all relevant times, Defendant DeFeo acted as the general manager and owner of Greenacre, and was Plaintiff's direct supervisor.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

11. At all times relevant, Defendant Aguilar treated Plaintiff differently due to her gender.

12. At all times during Plaintiff's employment, Defendant DeFeo displayed outward emotions against Plaintiff, including physically and emotionally humiliating Plaintiff in front of co-workers and third-parties.

13. Specifically, DeFeo would grab Plaintiff by her hair, her hips and/or her breasts exposing her to ridicule in front of customers, other employees and contractors. DeFeo also enclosed Plaintiff in a walk-in cooler at Greenacre's business premises and also cuased her physical harm by pushing her into several product boxes causing them to fall on her body resulting injury.

14. DeFeo's demonstration of his dislike for Plaintiff based on her gender subjected Plaintiff to constant physical, sexual, psychological, and emotional abuse.

15. DeFeo's actions escalated throughout Plaintiff's tenure at Greenacre, leading as a result to other co-workers physically and verbally harassing Plaintiff.

16. As a result of DeFeo's continued abuse and harassment, Plaintiff suffered physical injury to her back, arms, legs, neck and head. Further, Plaintiff suffered and continues to suffer extreme emotional pain and anguish, which resulted in sleep loss, depression, and emotional distress.

17. Defendant Greenacre did not provide a procedure for remediation of the unlawful treatment of Plaintiff during her employment.

18. Defendant DeFeo, as sole owner, held the highest level of management at the Greenacre location, where Plaintiff was employed and performed services.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

19. On or about March 12, 2013, Plaintiff filed a police report with Greenacres, FL local Sheriff. That investigation is still ongoing.

20. Defendant Greenacre failed to take any actions with regards to Plaintiff's constant harassment.

21. As a result of Defendants' continued harassment and physical abuse of Plaintiff, she was forced to resign her position.

## COUNT I: SEX DISCRIMINATION ACT VIOLATIONS
### (Title VII: 42 U.S.C. 2000e *et seq.*)

22. Plaintiff re-alleges paragraphs 1 through 21 of the Complaint as set forth above.

23. Plaintiff is a member of a protected group under Title VII.

24. Plaintiff was subjected to sexual discrimination caused by DeFeo and Greenacre.

25. Defendant DeFeo treated Plaintiff differently than other Greenacre employees, subjecting Plaintiff to physical injuries and emotional distress during Plaintiff's tenure as an employee of Greenacre.

26. As a direct result of the unlawful discrimination, Plaintiff suffered physical injuries and extreme emotional distress, financial hardship including loss of wages, compensatory damages, and incidental and consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff damages for back pay, front pay, loss of fringe benefits, pre-judgment interest, attorney's fees, costs, compensatory damages, punitive damages, and grant such other relief as this Court deems just and proper.

## COUNT II: UNLAWFUL EMPLOYMENT PRACTICES
### (Florida Statutes § 760.01 *et seq.*)

4

27. Plaintiff re-alleges paragraphs 1 through 21 of the Complaint as set forth above.

28. Florida Statute Section 760.10 prohibits employers from discriminating against employees on the basis of sex.

29. Plaintiff was discriminated against by virtue of her sex by the Defendants.

30. During her employment tenure, Plaintiff was subject to physical and verbal abuse by Defendant DeFeo, including injury to Plaintiff body and resulting in extreme emotional pain.

31. As a direct and proximate result of Defendants' conduct alleged herein, Plaintiff suffered and continues to suffer general, physical, emotional, special, and consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff damages for back pay, front pay, loss of fringe benefits, pre-judgment interest, attorney's fees, costs, compensatory damages, punitive damages, and grant such other relief as this Court deems just and proper.

## COUNT III: ASSAULT AND BATTERY

32. Plaintiff re-alleges paragraph 1 through 20 of the Complaint as set forth above.

33. Defendant DeFeo acting directly, intentionally, willfully, recklessly, wantonly, and/or negligently threatened Plaintiff with physical violence and did physically inflict upon Plaintiff physical harm, abuse, insult, indignity, and injury, which assault and battery caused Plaintiff to suffer physical harm and severe and extreme mental anguish and emotional distress.

34. As further result of the assault and battery committed by Defendant, Plaintiff has incurred medical expenses, and has personally suffered extreme mental anguish and emotional distress.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

35. The above described assault and battery was performed with the intent to cause severe injury, insult and indignity, and/or with negligent or wanton disregard for the injury to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff damages for back pay, front pay, loss of fringe benefits, pre-judgment interest, attorney's fees, costs, compensatory damages, punitive damages, and grant such other relief as this Court deems just and proper.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff re-alleges paragraph 1 through 21 of the Complaint as set forth above.

37. The conduct of Defendant DeFeo was extreme and outrageous.

38. Defendants DeFeo and Greenacre knew and/or should have known that Defeo's actions constituted severe physical, sexual and emotional abuse. Nevertheless, Defendants failed to remedy Plaintiff's exposure to this severe bullying behavior and harassment, and , in fact, willfully continued to expose Plaintiff to further assaults.

39. As a result of Defendant's acts, Plaintiff has suffered extreme mental anguish and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff damages for back pay, front pay, loss of fringe benefits, pre-judgment interest, attorney's fees, costs, compensatory damages, punitive damages, and grant such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

6

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

Dated: February 12, 2014

                                            Respectfully submitted,

                                            /s/ Miguel Armenteros
                                            Miguel Armenteros (0014929)
                                            miguel@pbyalaw.com
                                            PERLMAN, BAJANDAS, YEVOLI &
                                            ALBRIGHT, P.L.
                                            1000 Brickell Avenue. Suite 600
                                            Miami, FL 33131
                                            Telephone: (305) 377-0086
                                            Facsimile: (305) 377-0781
                                            *Attorneys for Plaintiff*

7

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, FL 33131 • (305) 377-0086

# Exhibit "A"

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Fausta Santos Aguilar Lopez<br>c/o Perlman, Bajanda, Yevoli & Albright, PL<br>1000 Brickell Ave – Ste. 600<br>Miami, FL 33131 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2013-02654 | Ina Depaz,<br>State & Local Coordinator | (305) 808-1752 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_  11/21/13
Malcolm S. Medley,    (Date Mailed)
District Director

Enclosures(s)

Cc: Greenacre Farmer's Market Inc
3091 Jog Road
Greenacres, FL 33467