UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 9:14-CV-80229-DMM

FAUSTA SANTOS AGUILAR LOPEZ,
an individual,

       Plaintiff,

v.

GREENACRES FARMER'S MARKET, INC,
Florida company, and JOE DEFEO, an individual,

       Defendants.

_____/

## PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES

Plaintiff Fausta Aguilar ("Aguilar") hereby moves the Court for an order permitting the introduction of a jury instruction on punitive damages which may be awarded in this action and states:

This is an action founded on Defendant's violation of Title VII-Sexual Discrimination, assault and battery, and intentional infliction of emotional distress.  Through her testimony and that of witnesses, Plaintiff will demonstrate that she was subject to adverse treatment resulting in:

-Verbal abuse by Defendants
-Physical abuse by Defendants
-Hair pulling by the Defendants
-False imprisonment within a business storage cooler by Defendants
-The unsolicited touching of her genital area by Defendants
-Defendants' pushing her into inventory boxes resulting in neck and head injuries

Punitive damages are generally authorized by the Civil Rights Act of 1991 for Title VII cases in which the plaintiff demonstrates that the employer has engaged in intentional

discrimination and has done so "with malice or with reckless indifference to the employee's federally protected rights." 42 U.S.C. § 1981a(b)(1).[1]  Egregious or outrageous acts may serve as evidence supporting inference of evil motive required to impose punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

Further, Under Florida law, finding of battery is sufficient to trigger punitive damages. *See* Florida Statutes § 768.72(2); *See also Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1215 (11th Cir. 2010).  Decades of Florida case law have made it clear that a finding of battery is sufficient to trigger punitive damages. *See, e.g., Canseco v. Cheeks,* 939 So.2d 1122, 1123 (Fla. 3d DCA 2006) ( "[I]ntentional battery supplies the requisite proof of malice, justifying a punitive damages award."); *see also Joab, Inc. v. Thrall,* 245 So.2d 291, 293 (Fla. 3d DCA 1971) ("In Florida it is clear that an act of intentional assault and battery committed without legal justification supplies proof of malice.").

In the instant case, Plaintiff will proffer evidence of Defendants' physical and verbal abuse toward her which has resulted in both bodily and mental damages (Compl. at ¶¶12, 13, 16).  The evidence proffered by Plaintiff should be considered by the trier of fact to determine if punitive damages should be awarded Plaintiff.  *See B.M.W. of North America, Inc. v. Gore,* 517 U.S. 559, 574-75 (1996)(the trier of fact should consider the degree of reprehensibility of the defendant's actions; the disparity between the harm or potential harm suffered by the plaintiff and the punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases).  Moreover, given the causes of action pleaded by Plaintiff and the likelihood a trier of fact determines that the requisite malice was present in

---

[1] A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

Defendants' conduct, a jury instruction should issue to allow the members of the jury to award such damages.

WHEREFORE, Plaintiff Aguilar respectfully requests for this Court to enter an order allowing Plaintiff to submit a jury instruction on punitive damages to be considered in this matter and grant such further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ Miguel Armenteros
Miguel Armenteros (FBN 0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI
& ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Miguel Armenteros_____
Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
1000 Brickell Avenue, Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorney for Plaintiff Fausta Santos Aguilar*